1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS T. ALFORD,

11             Plaintiff,              No. CIV S-09-2525 GGH P

12        vs.

13   WARDEN DICKINSON, et al.,

14             Defendants.             ORDER&
                                       FINDINGS AND RECOMMENDATIONS
15   _____/

16             Plaintiff is state prisoner proceeding pro se.  Plaintiff initiated a civil suit in

17   Solano County Superior Court on June 30, 2009.  On September 9, 2009, defendants removed

18   the action to federal court pursuant to 28 U.S.C. § 1441(b), and filed a motion seeking screening

19   of the complaint (Doc. #4).  Defendants contend that the complaint raised a federal question.

20   However, upon this court's review, it is obvious that plaintiff's complaint fails to state a claim

21   for relief under federal law and was appropriately brought in state court.

22             Plaintiff's complaint alleges that defendant Dooley, under the supervision of the

23   other defendants, either destroyed or stole plaintiff's personal property, most notably a stamp

24   collection that plaintiff states is worth approximately $537.[1]  Plaintiff describes the many steps

25   _____

26        [1]  Plaintiff states the total cost all items lost was $637.88.

1

1   he took to attempt to save the stamp collection, by offering to mail the collection to his family,

2   having his family send a money order for the cost of mailing or having his family drive to the

3   prison to pick up the stamps.  Plaintiff's complaint describes how defendant Dooley frustrated all

4   these efforts and falsified documents, allegedly to steal the stamps.  Plaintiff seeks monetary

5   damages.

6            Defendants purport to have removed this action pursuant to 28 U.S .C. § 1441(b).

7   Under § 1441(b), a civil action may be removed from state to federal court if "the district courts

8   have original jurisdiction founded on a claim or right arising under the Constitution, treaties or

9   laws of the United States...."  Id.  It is not necessary that the complaint explicitly refer to 42

10  U.S.C. § 1983, "the appropriate statutory vehicle for allegations of constitutional violations,"

11  Tarr v. Town of Rockport, 405 F.Supp.2d 75, 78 (D.Mass.2005), but plaintiff's allegations must

12  be "sufficient to state federal claims..."  Id.

13           "[I]t should be noted that a district court may and should always determine sua

14  sponte whether its subject matter jurisdiction has been properly invoked."  Thomas v. Burlington

15  Industries, Inc., 763 F.Supp. 1570, 1575 (S.D. Fla 1991).  Additionally, removal statutes should

16  be strictly construed and if removal appears improper, the trial court, at any time before final

17  judgment, must remand to state court.  28 U.S.C. § 1447(c).[2]

18           As the Ninth Circuit has made clear, in order to remove a case to federal court on

19  the basis of federal question jurisdiction, the defendant "must establish that at least one claim

20  alleged in the complaint 'arises under' federal law."  Ultramar America Ltd. v. Dwelle, 900 F.2d

21  1412, 1413-14 (9th Cir.1990), citing, inter alia, "Salveson v. Western States Bankcard Ass'n.,

22  731 F.2d 1423, 1426 (9th Cir.1984)[3] (the party seeking removal bears the burden of establishing

23

24       [2]  28 U.S.C. § 1447(c) states, in relevant part, "[i]f at any time before final judgment it
    appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

25       [3]  Salveson, supra, was superseded in part, on another ground, the doctrine of "derivative
    jurisdiction," by 28 U.S.C. § 1441(e) in 1986.  Ethridge v. Harbor House Restaurant, 861 F.2d 1389,
26  1392 n. 3 (9th Cir.1988).

                                                    2

1    federal jurisdiction)."

2           Ordinarily, the existence of federal question jurisdiction is determined from the

3    face of the complaint.  Whether the complaint states a claim "arising under" federal law must "

4    'be ascertained by the legal construction of [the plaintiff's] allegations, and not by the effect

5    attributed to those allegations by the adverse party.'"  Tennessee v. Union & Planters' Bank, 152

6    U.S. 454, 460, 14 S .Ct. 654, 656, 38 L.Ed. 511 (1894) (quoting Central R.R. v. Mills, 113 U.S.

7    249, 257, 5 S.Ct. 456, 459, 28 L.Ed. 949 (1885)).  The plaintiff is the "master" of his complaint;

8    where he may pursue state and federal claims, he is free to pursue either or both, so long as fraud

9    is not involved.  Salveson, 731 F.2d at 1426-27.  While this is a pro se complaint, it is evident

10   that the plaintiff does not invoke a "right to relief [that] necessarily depends upon construction of

11   a substantial question of federal ... law."  Ultramar, 900 F.2d at 1414.

12          Plaintiff's complaint makes no reference to 42 U.S.C. § 1983, or anything else

13   that would provide plaintiff with a cause of action in federal court.  Apparently, defendants rely

14   on plaintiff's brief mention that defendants' acts and omissions violated his rights under the

15   United States Constitution, specifically the Fifth and Fourteenth Amendments.  Defendants are

16   referring to three separate forms that are part of the state court civil suit.  These forms require

17   plaintiff to describe the reasons for liability.  In each form, plaintiff provided a brief description

18   of his allegations and then listed several state statutes.  Under the state statutes, plaintiff did list

19   the Fifth and Fourteenth Amendments and cited a federal case.  This is plaintiff's sole reference

20   to the federal constitution or law in the complaint.  However, simply listing these amendments

21   does not raise a federal question.

22          As defendants are no doubt aware, the United States Supreme Court has held that

23   "an unauthorized intentional deprivation of property by a state employee does not constitute a

24   violation of the procedural requirements of the Due Process Clause of the Fourteenth

25   Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v.

26   Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation

3

remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir.1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir.1987). The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

Plaintiff does not allege that this deprivation was authorized nor do defendants contend that the taking was authorized. The court lacks subject matter jurisdiction because any federal claim would be wholly insubstantial under the circumstances. Bell v. Hood, 327 U.S. 678, 682-83, 66 S.Ct. 773 (1946); in other words, defendants are attempting to manufacture § 1983 jurisdiction when they know it can't possibly exist under the law. See Bodine v. Graco Inc., 533 F.3d 1145, 1148 n.2 (2008). Here, plaintiff correctly brought this action in state court and there is nothing in the complaint that could possibly justify removing the case to federal court. It is clear that an unauthorized intentional deprivation of property is subject to dismissal if brought as a federal claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case.

2. Defendants' motion to screen the complaint (Doc. #4) is denied.

3. Within twenty days of the date of this order, defendants shall show cause why the court should not impose Rule 11 sanctions based upon this frivolous removal. If the court is not satisfied with the reply, counsel may be ordered to appear.

IT IS HEREBY RECOMMENDED that this action be remanded to state court as improperly removed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file

4

1   written objections with the court.  The document should be captioned "Objections to Findings

2   and Recommendations."  Petitioner is advised that failure to file objections within the specified

3   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

4   (9th Cir. 1991).

5   DATED: September 29, 2009

6                                                        /s/ Gregory G. Hollows

7                                                        _____
                                                         GREGORY G. HOLLOWS
                                                         UNITED STATES MAGISTRATE JUDGE
8
    GGH:AB
9   alfo2525.rmv

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26